UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEDDY T. LATIMORE,

                  Plaintiff,

          -against-

DUTCHESS COUNTY; DISTRICT
ATTORNEY MELISSA PASQUALE;
DUTCHESS COUNTY JUDGE EDWARD
McLOUGHLIN; PUBLIC DEFENDER
ROBERT DEMONO,

                  Defendants.

23-CV-8581 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Altona Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights.[1] By order dated September 29, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Plaintiff was incarcerated at the Lakeview Shock Incarceration Correctional Facility when he filed this action. According to the records of the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff is now incarcerated at Altona Correctional Facility. *See* https://nysdoccslookup.doccs.ny.gov/[https://perma.cc/4TB3-BFXM].

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action for unlawful imprisonment against Dutchess County, District Attorney Melissa Pasquale,[3] Dutchess County Judge Edward McLoughlin, and Public Defender Robert Demono. Plaintiff asserts that he was wrongfully imprisoned due to Defendants' vindictiveness and repeated patterns of misconduct. He alleges that Defendant Demono first stated that he would negotiate a plea for Plaintiff to a one-year sentence for his charges of possession of stolen property. But Defendant Demono, after speaking with Defendant Pasquale and Judge McLoughlin, advised Plaintiff that "the offer was three to nine years." (ECF No. 1 at 5.) Plaintiff believes the sentence changed because he did not cooperate with an ongoing homicide investigation. He alleges that his sentence was unconstitutional because it was based upon the district attorney's belief that Plaintiff withheld information. Plaintiff seeks "1.2 million dollars for unlawful imprisonment," and he also seeks "to have my sentence vacated due to an illegal sentence." (*Id.*) According to DOCCS records, Plaintiff was sentenced to an indeterminate sentence of four to 12 years' imprisonment. *See* https://nysdoccslookup.doccs.ny.gov/[https://perma.cc/4TB3-BFXM].

**DISCUSSION**

**A.    Municipal Liability**

Plaintiff's claim against Dutchess County must be dismissed. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that

---

[3] The current Dutchess County District Attorney is Anthony Parisi. *See* https://www.dutchessny.gov/Departments/District-Attorney/District-Attorney.htm[https://perma.cc/6XJL-TZJB]. It appears, therefore, that Defendant Pasquale is an Assistant District Attorney for Dutchess County.

the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

Here, Plaintiff does not allege any facts suggesting that Dutchess County has a policy, custom, or practice that caused the alleged deprivation of his rights. His claim against this Defendant must therefore be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**     **Judicial Immunity**

Plaintiff's claim against Dutchess County Judge Edward McLoughlin must also be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . .." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff has not alleged any facts showing that Dutchess County Judge Edward McLoughlin acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge McLoughlin for "acts arising out of, or related to, individual cases before [her]," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claim against Judge McLoughlin because it seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C.

§ 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

## C.   Prosecutorial Immunity

The Court also dismisses Plaintiff's claim against Assistant District Attorney Melissa Pasquale. Prosecutors are immune from civil suit for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see Imbler* 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's claim under Section 1983 for damages against this Defendant arise from her criminal prosecution of Plaintiff. His conclusory assertions of bad faith and bias are insufficient to demonstrate that Defendant is not entitled to immunity. The Court therefore dismisses the claim against this Defendant under the doctrine of prosecutorial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the *in forma pauperis* statute).

D.      **Private Defendant**

Plaintiff's claim against Public Defender Robert Demono must also be dismissed. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of [Section} 1983).

Because Defendant Robert Demono is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this Defendant under Section 1983.

E.      **Unlawful Imprisonment Claim**

Plaintiff brings a claim under Section 1983 based on his allegation that he is "unlawfully imprison[ed] . . . due to an illegal sentence," and he seeks to have his sentence vacated. (ECF No.1 at 5.) Putting aside that no Defendants are proper here, the Court considers Plaintiff's unlawful imprisonment claim.

The United States Supreme Court has determined:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, a Section 1983 plaintiff must prove that the conviction or sentence has been overturned or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Here, because success on Plaintiff's claim would necessarily imply the invalidity of his conviction – and he does not assert that his conviction has been overturned or otherwise invalidated – *Heck*'s favorable termination rule bars the Section 1983 claim for damages and equitable relief. *See, e.g.*, *Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under Section 1983."). The Court therefore dismisses Plaintiff's claim arising from his prosecution in Dutchess County, New York. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

F.     *Habeas Corpus* **Relief**

Section 1983 is not the proper vehicle for challenging the validity of Plaintiff's conviction. Plaintiff can only obtain such relief by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)).

The Court declines to construe this Section 1983 complaint as a *habeas corpus* petition because the complaint does not suggest that Plaintiff has exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[4] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by challenging his conviction in a civil action. *Preiser*, 411 U.S. at 489-90.

Should Plaintiff seek to challenge his conviction, he may file a petition for a writ of *habeas corpus*, in the appropriate district court, once all available state remedies have been exhausted.[5] Plaintiff's request to have his sentence vacated is therefore denied, without prejudice to the filing of such a petition following the exhaustion of all available state remedies.

---

[4] Plaintiff should note that, under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a Section 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

[5] Because Plaintiff was convicted in Dutchess County, any *habeas corpus* petition Plaintiff wishes to file should be filed in this District. *See* 28 U.S.C. § 112(b).

### G.     State-Law Claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [Section] 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### H.     Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   May 28, 2024
         New York, New York

                                      /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge